

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BRIDGETTE WILLIAMS,<br>   Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No.: 3:21-1918-MGL |
| | § | |
| PIEDMONT AIRLINES, INC.,<br>   Defendant. | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Bridgette Williams (Williams) filed a complaint against Defendant Piedmont Airlines, Inc. (Piedmont). Her remaining claims are race discrimination, racially hostile work environment, and retaliation under 42 U.S.C. § 1981.

This matter is before the Court for review of the Report and Recommendation of the Magistrate Judge (Report) recommending the Court grant Piedmont's motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 31, 2023. Williams objected on April 12, 2023, and Piedmont replied on April 26, 2023. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Report sets forth a thorough recitation of the facts of this case, which the Court will repeat only to the extent necessary to its analysis in this order. Williams, a Black woman, worked as a gate agent for Piedmont at Columbia Metropolitan Airport. Her white supervisor, Deirdre Francis (Francis) chose her white colleague, Chad Lausman (Lausman) for a promotion to Shift Manager over her.

In Williams's interview for the position, Williams told Francis of an incident wherein Lausman referred to gate agents as 'monkeys.' Williams, although not the subject of the remark, objected to it as racist.

Some time after the interview, Williams received several write-ups and disciplinary actions. Based on an incident about a month later, a Black manager issued a "performance coaching" for failure to complete a check and drop it in the recordkeeper box. Another month after that, a different white manager issued a Level I corrective action for failure to sign and record three refund checks.

Another two months after that, Francis issued Williams a Level III corrective action for a safety incident related to ramp operations. It resulted in Williams's suspension, additional safety training, and a requirement she sign a letter indicating she agreed to read and abide by the operations manual and other policies and procedures.

Four months later, and just after Williams completed her remedial training and began to supervise ramp operations on her own, Williams received a second Level III corrective action. Lausman reported Williams for allowing an aircraft to be moved without the proper safety

protocols. After an investigation into that incident, based on Francis's recommendation, Piedmont terminated Williams. Piedmont ultimately filled Williams's position with a Black hire.

Several of Williams's objections are nonspecific and conclusory, amount to general contentions with the Report's findings, or merely repeat claims the Magistrate Judge properly considered and rejected. Although the Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations[,]" *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982), it has done so here out of an abundance of caution. Inasmuch as the Court agrees with the Magistrate Judge's detailed treatment of those issues in its well-written and comprehensive Report, however, repetition of that discussion is unnecessary here.

Further, because the Magistrate Judge warned Williams of the consequences of failing to file specific objections, Report at 16, she has waived appellate review as to those objections. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

But, Williams also makes several specific objections that merit discussion.

First, Williams contends the Magistrate Judge improperly discounted evidence that her write-ups were meritless. Piedmont maintains this objection relies on unsupported testimony and neglects to account for the lack of evidence of race-based pretext or the fact Piedmont replaced Williams with someone of the same race.

The Court agrees with the Magistrate Judge that Williams's personal disagreement with the validity of some of her write-ups fails to create a genuine issue of material fact. *See Beall v. Abbott Labs.*, 130 F.3d 614, 620 (4th Cir. 1997), *abrogated on other grounds as recognized in Gilliam v. S.C. Dep't of Juv. Just.*, 474 F.3d 134, 140 (4th Cir. 2007) ("absent evidence of

3

retaliatory motive, we leave to the employer's discretion the method of evaluating an employee's job performance").  And, Williams fails to point to any evidence that race factored into Piedmont's decision to terminate her employment.

Her race discrimination claim, then, fails.  Accordingly, the Court will overrule this objection.

Second, Williams posits the Magistrate Judge erred by requiring instances of hostile behavior creating a hostile work environment must support her racial discrimination claim.  Piedmont insists Williams misunderstands the Report.

Williams seems to argue, inexplicably, that she can prove her racially hostile work environment claim without providing any evidence that any hostility is in any way race based.  That is incorrect.  "A hostile environment exists '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993)) (alterations in original).

Thus, to prevail, Williams must show "(1) [s]he experienced unwelcome harassment; (2) the harassment was based on h[er] race; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207–08 (4th Cir. 2019).

In other words, although the harassment need not constitute an adverse employment action as required for her racial discrimination claim, Williams must show discriminatory harassment based on race.

4

The Magistrate Judge considered Williams's proffered evidence of hostility, but properly determined that, with one exception, there was no evidence any of the alleged harassment was based on Williams's race. And, the single incident that may have involved race—Lausman's comment about monkeys—is insufficiently severe or pervasive to establish a hostile work environment cause of action. *See Perkins*, 936 F.3d at 208 ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (alteration in original)).

The Court will thus overrule this objection, too.

Third, Williams argues the Magistrate Judge erred by failing to consider the fact that Williams was passed over for promotion as evidence of retaliation. Piedmont avers Williams neglected to bring a failure to promote cause of action.

Williams's retaliation cause of action in her complaint alleges Piedmont retaliated against her by subjecting her to unsubstantiated disciplinary actions and termination. But, it fails to contend Piedmont retaliated by failing to promote her. Notably, Williams's race discrimination cause of action does allege the lack of promotion was racial discrimination.

Thus, Williams neglected to bring a failure to promote retaliation claim. To the extent she contends her lack of promotion is evidence that the disciplinary action and termination were retaliation, that argument is unpersuasive.

Therefore, the Court will overrule this objection as well.

Fourth, Williams avouches the Magistrate Judge erred in failing to find a causal connection between Williams reporting Lausman's racist comment and the alleged retaliation. Piedmont contends Williams's arguments lack support in the record.

5

Williams's first Level III corrective action—the first disciplinary action involving Francis—occurred four months after Williams reported Lausman's remarks to Francis. The second Level III corrective action, and her termination, occurred another four months after that.

Beyond the temporal distance between her complaint about Lausman and the Level III corrective action incidents regarding safety matters, Williams also presents no evidence to refute that Francis's investigation correctly identified a safety issue.

The Magistrate Judge properly determined that Williams reporting Lausman's alleged racist remark failed to have any causal connection to alleged retaliation. The Court will thus also overrule this objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Piedmont's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 14th day of June 2023, in Columbia, South Carolina.

                                                    s/ Mary Geiger Lewis
                                                    MARY GEIGER LEWIS
                                                    UNITED STATES DISTRICT JUDGE